## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

BOBBY ASKEW, PORTER BUTLER,
and JOSEPH MCDUFFIE, on behalf of
themselves and others similarly situated,

     Plaintiffs,

v.

THE SOUTHERN PAN EMPLOYEE
STOCK OWNERSHIP PLAN;
AMERICAN STRUCTURAL
CONCRETE, LLC f/k/a SOUTHERN
PAN STRUCTURES, as successor-in-
interest to SOUTHERN PAN SERVICES
COMPANY, in its capacity as Sponsor or
Fiduciary of the Southern Pan Employee
Stock Ownership Plan; KEN DICKEY
and JEREMY CANTRILL, in their
respective capacities as Plan
Administrators or Fiduciaries of the
Southern Pan Company Employee Stock
Ownership Plan,

     Defendants.

CIVIL ACTION FILE

NO. 1:18-CV-309-MHC

# FINAL ORDER AND JUDGMENT

This matter is before the Court pursuant to Plaintiffs' Motion for Final Approval of Stipulation of Settlement, Plan of Allocation, Class Counsel's Application for Attorney Fees, Reimbursement of Litigation Expenses, and Class representatives' Incentive Awards (the "Motion") [Doc. 112].

On January 10, 2020, the parties appeared at the final approval and fairness hearing represented by their respective attorneys of record (the "Fairness Hearing"). No persons appeared to object to the Motion. Nevertheless, the Court instructed Class Counsel to provide additional evidence documenting the Class Action Administrator's compliance with the notice requirements to absent class members as delineated in the Stipulation of Settlement as well as documenting the expenses undertaken by Class Counsel. This Court has reviewed the Motion and considered all of the pleadings and papers filed in connection therewith, including the supplemental affidavits submitted after the January 10, 2020, hearing. Based on the foregoing, the Court hereby **GRANTS** the Motion with certain modifications as more fully stated below.

# BACKGROUND

(1) On January 22, 2018, Plaintiffs Bobby Askew, Porter Butler, and Joseph McDuffie ("Plaintiffs") filed a complaint in this Court on behalf of themselves and other similarly situated participants in the Southern Pan Services Company Employee Stock Ownership Plan (the "Plan"). The Complaint asserts various claims under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq., based on being due benefits under the terms of the Plan, failure to comply with Plaintiffs' requests for Plan documents, and breach of fiduciary duty. Defendants filed answers and partial motions to dismiss, denying any wrongdoing or liability. During the course of the litigation, there were a number of motions filed by the parties, which also conducted extensive discovery in the case. In April 2019, Plaintiffs and Defendants initiated settlement discussions which eventually resulted in a settlement of all claims.

(2) In accordance with the terms of the settlement, the parties filed a Joint Motion for Preliminary Approval of Class Action Settlement [Doc. 108-1], a Stipulation of Settlement [Doc. 108-2], and a Supplemental Brief in Support of the Joint Motion for Preliminary Approval of Settlement [Doc. 109]. On September 11, 2019, this Court preliminarily approved the Stipulation of Settlement and

procedure for notifying the class.  Sept. 11, 2019, Order [Doc. 110] ("Preliminary

Approval Order").

(3) Pursuant to the procedure approved in the Preliminary Approval Order,

notice has been disseminated to the class.  No objections have been filed to the

Stipulation of Settlement.

## SETTLEMENT TERMS

(4) The Stipulation of Settlement establishes a settlement fund of

$260,000.00, which will be used to pay cash benefits to class members, costs of

notice and administration, and litigation expenses and attorneys' fees.  After the

payments for costs, expenses, and fees, the remainder of the settlement fund shall

be distributed to class members who submit a valid proof of claim form to the

claims administrator (the "Authorized Claimants").

(5) The cash payments shall be distributed by check to Authorized Claimants

based on multiplying the number of shares for each Authorized Claimant, the

percentage vested for each Authorized Claimant, and the total settlement fund

divided by the number of shares outstanding on December 31, 2015.  In

conjunction with the Stipulation of Settlement, the class will release Defendants

from the claims that were or could have been raised in this case.  In turn,

Defendants will release class members from any potential liability for payment of the attorneys' fees and expenses incurred by Defendants in defending this case.

## APPROVAL OF CLASS NOTICE

(6) The class has been notified of the Stipulation of Settlement pursuant to the plan approved by the Court. After having reviewed the Affidavit of Orlando Castillejos [Doc. 112-3], a representative of the Class Action Administrator appointed by the Court to carry out the notice program, the Court had questions regarding Mr. Castillejos's compliance with the Stipulation of Settlement as to the notice to the absent class members. The Court instructed the parties to obtain a supplemental affidavit from Mr. Castillejos confirming that all requirements for notice set forth in the Stipulation of Settlement were met.

(7) On January 17, 2020, the parties submitted a supplemental affidavit [Doc. 119], detailing Mr. Castillejos's additional efforts to obtain addresses for any absent class members whose mailed notices were returned as undeliverable. The Court is satisfied that all requirements for notice set forth in the Stipulation of Settlement have been met, including the mailing of the Notice to the absent class members by first-class mail, preparing and publishing the required Publication Notice, preparing and implementing a settlement website and toll-free interactive telephone system, and diligently making efforts to determine addresses for absent

class members whose mailed notices were returned as undeliverable. The Class

Action Administrator's efforts included submitting the information to the United

States Postal System's National Change of Address database and also obtaining

information for those whose Social Security Numbers were available and cross-

referencing those with available databases to obtain valid addresses for those

absent class members, if possible, followed by a re-mailing of the Notice to those

absent class members for whom valid addresses were found. The evidence

submitted demonstrates that the Class Action Administrator followed the

requirements of the Stipulation of Settlement.

(8) The Court finds that the distribution of the mail notice as provided for in

the Stipulation of Settlement and Order of September 11, 2019: (a) constituted the

best practicable notice to the settlement class under the circumstances;

(b) informed the settlement class of their right to object or to exclude themselves

from the proposed Stipulation of Settlement, and their right to appear at the

Fairness Hearing; (c) was reasonable and constituted due, adequate, and sufficient

notice to all persons entitled to be provided with notice, and (iv) complied fully

with the requirements of the United States Constitution and Rule 23 of the Federal

Rules of Civil Procedure. The Court notes that there were no objections and no

class member opted out of the Stipulation of Settlement.  A total of seventy-five

(75) claims were submitted on behalf of absent class members.

Accordingly, the Court has jurisdiction over all class members for purposes

of the Stipulation of Settlement.

## APPROVAL OF THE SETTLEMENT

(9) The Court finds that the parties' Stipulation of Settlement is fair,

reasonable, and adequate in accordance with Rule 23 of the Federal Rules of Civil

procedure; was reached at arm's length without collusion or fraud; and satisfies all

of the requirements for final approval.  The Court has considered the complexity,

expense, and likely duration of the litigation if the Stipulation of Settlement is not

approved; the odds of Plaintiffs succeeding at trial balanced by the risks of

continued litigation; the range of possible recovery if the case is tried; the opinions

of Class Counsel and the class representatives; and the lack of any opposition to

the Stipulation of Settlement.  The Court also finds that Class Counsel understood

the merits of the case and had sufficient information to evaluate the proposed

Stipulation of Settlement and that the Stipulation of Settlement is a good result for

the class considering all of the significant risks and expense of continued litigation.

(10) Pursuant to FED. R. CIV. P. 23(e), the Court hereby finally approves in

all respects the Stipulation of Settlement, and finds that the Stipulation of

Settlement and the allocation plan for distributing the settlement funds are in all respects fair, reasonable, and adequate, and are in the best interest of the settlement class.

## CERTIFICATION OF THE SETTLEMENT CLASS

(11) The Court hereby certifies, for settlement purposes only, the following settlement class:

> All natural persons or representatives who were participants in the Southern Pan Services Company Employee Stock Ownership Plan as shown on statements issued as of December 31, 2015, who failed to receive payment for their vested ESOP shares, but excluding Jeremy Cantrill, Ken Dickey, Carrie Harris, and Brack Maggard.

(12) The Court finds that all of the prerequisites of Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied for certification of the settlement class for settlement purposes only. The settlement class, which contains 900 members, is so numerous that joinder of all members is impracticable; there are questions of law and fact common to the settlement class; the claims of the settlement class representatives are typical of the claims of the absent settlement class members; the settlement class representatives and settlement class counsel have and will adequately and fairly protect the interests of the settlement class; and the common questions of law and fact predominate over questions affecting only

individual settlement class members, rendering the settlement class sufficiently

cohesive to warrant a class settlement.

### SETTLEMENT RELIEF, ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARD

(13) The Claims Administrator is ordered to provide to eligible settlement

class members who timely submit a properly completed claim form the relief

approved by the Court based on the Approved Plan of Allocation of the Net

Settlement Fund.

(14) The Court hereby grants to Class Counsel a fee in the amount of

$40,562.87, which the Court finds to be fully supported by the facts and applicable

law.  The requested attorneys' fee is justified under the percentage of the common

fund approach adopted by the Eleventh Circuit in Camden I Condominium Ass'n,

Inc. v. Dunkle, 946 F.2d 768 (11th Cir. 1991).  The fee represents approximately

15.6% percent of the $260,000.00 in total potential benefits available to the class.

In approving the requested fee, the Court has carefully considered the factors listed

in Camden I, including the time and labor involved; the questions and difficulty of

the questions involved; the skill needed to perform the services properly; the

preclusion of other employment; the customary fee; the fact that the fee was

entirely contingent on a successful outcome; the time limitations imposed by the

circumstances; the amount involved and the results obtained; the experience,

reputation and ability of the attorneys; awards in similar cases; the objections by

class members; the risks undertaken by Class Counsel; the economics involved in

prosecuting class actions; and the other relevant circumstances.  The record shows

that these factors support the requested fee.  The approved amount is to be paid out

of the settlement fund.

(15) Class Counsel have provided a supplemental affidavit [Doc. 120]

showing that they are entitled to be reimbursed $24,397.67 for their out-of-pocket

expenses incurred in connection with this case.  The affidavit also includes an

itemized list of these expenses.  The amount of expenses represents less than 10%

percent of the $260,000 in total potential benefits available to the class.  No

objection to the proposed expenses has been filed.  Accordingly, the Court

approves Class Counsel's request to be reimbursed for $24,397.67 in expenses.

The approved amount is to be paid out of the settlement fund.

(16) Bobby Askew, Porter Butler, and Joseph McDuffie have requested

incentive awards of $2,500.00 each.  The Court finds that payment of incentive

awards to these class representatives is appropriate in this case in light of their

work on behalf of the class and the risk taken.  But for their service and willingness

to accept this risk, the class would have received nothing.  No objection to this

proposed incentive has been filed.  Accordingly, the Court hereby approves the

awards.  See, e.g., Ingram v. Coca-Cola Co., 200 F.R.D. 685, 694 (N.D. Ga. 2001).

The awards are to be paid from the settlement fund.

## DISMISSAL AND FINAL JUDGMENT

(17) The Court hereby **DISMISSES** this action **WITH PREJUDICE** as

against the named Plaintiffs, all members of the settlement class, and the

Defendants.  The parties shall bear their own costs except as provided by

the Stipulation of Settlement.

(18) No class representative or settlement class member, either directly,

representatively or in any other capacity (other than a settlement class member

who validly and timely elected to be excluded from the settlement class), shall

commence, continue or prosecute any action or proceeding in any court or

tribunal asserting any of the claims that have been released under the Stipulation

of Settlement, and they are hereby permanently enjoined from so proceeding.

(19) The release of claims of class members, which is also set forth in detail

as part of the terms of the Stipulation of Settlement, is expressly incorporated

herein in all respects and is effective as of the date of this Final Order and

Judgment, and the Released Parties (as that term is defined in the Stipulation of

Settlement) are forever discharged from any claims or liabilities arising from or

related to the Action and the Released Claims (as those terms are defined in the Stipulation of Settlement).

(20) By reason of the Settlement Agreement, and there being no just reason for delay, the Court hereby **ENTERS FINAL JUDGMENT** in this matter, which the Clerk of Court is **DIRECTED** to immediately enter.

(21) Without affecting the finality of this judgment, the Court retains continuing and exclusive jurisdiction over all matters relating to the administration, consummation, enforcement, and interpretation of the Stipulation of Settlement and of this Final Order and Judgment, to protect and effectuate this Final Order and Judgment, and for any other necessary purpose. The class representatives, Defendants, and each member of the settlement class are hereby deemed to have irrevocably submitted to the exclusive jurisdiction of this Court, for the purpose of any suit, action, proceeding, or dispute arising out of or relating to the Stipulation of Settlement, including the exhibits thereto, and only for such purposes. Without limiting the generality of the foregoing, and without affecting the formality of this Final Order and Judgment, the Court retains exclusive jurisdiction over any such suit, action or proceeding. Solely for purposes of such suit, action or proceeding, to the fullest extent they may effectively do so under applicable law, the parties hereto are deemed to have irrevocably waived and agreed not to assert, by way of

motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of this Court, or that this Court is, in any way, an improper venue or an inconvenient forum.

## USE OF THIS ORDER

(22) That the parties have reached a Stipulation of Settlement and participated in proceedings related to the Stipulation of Settlement should not be (a) offered or received as evidence of a presumption, concession, or an admission by any party, or (b) offered or received as evidence of a presumption, concession, or any admission of any liability, fault, wrongdoing or other dereliction of duty; provided, however, that reference may be made to the Stipulation of Settlement as may be necessary to effectuate or enforce its provisions.

(23) In the event that the Stipulation of Settlement does not become effective according its terms, this Order and Final Judgment shall be rendered null and void as provided by the Stipulation of Settlement, shall be vacated, and all orders entered and releases delivered in connection with the Stipulation of Settlement shall be null and void to the extent provided by and in accordance with the Stipulation of Settlement.

## CONCLUSION

(24) For the reasons set forth above, the Court hereby (a) **GRANTS** approval of the Stipulation of Settlement; (b) **CERTIFIES** the settlement class pursuant to Rules 23(b)(3) and (e) of the Federal Rules of Civil Procedure; (c) finds that the class notice satisfies the requirements of Rule 23, due process, and all other legal requirements; (d) **APPROVES** the request of Class Counsel for a fee of $40,562.87, expenses of $24,397.67, and an incentive award of $2,500.00 for each of the class representatives to be paid out of the settlement fund; (e) **DISMISSES** this action **WITH PREJUDICE** as to all parties and the members of the settlement class; and (f) **ENTERS FINAL JUDGMENT**.  The parties and Claims Administrator are **DIRECTED** to carry out the Stipulation of Settlement according to its terms.

**IT IS SO ORDERED** this ___21ˢᵗ___ day of January, 2020.

MARK H. COHEN
United States District Judge